25CA1225 Western Development v Lionshead Inn 07-23-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1225
City and County of Denver District Court No. 21CV31539
Honorable Ericka F.H. Englert, Judge

Western Development, Inc.; Keith A. Novick, as Trustee of the Novick Family
Irrevocable Trust dated 10/9/2009; and Keith A. Novick, individually,

Plaintiffs-Appellants,

v.

Lionshead Inn, LLC, and Lion Vail LLC,

Defendants-Appellees.

APPEAL DISMISSED IN PART, ORDER REVERSED,
AND CASE REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE LUM
Welling and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 23, 2026

Keith A. Novick, Franklin, Tennessee, for Plaintiffs-Appellants

Porterfield & Oliver, LLC, Wendell B. Porterfield, Jr., Vail, Colorado, for
Defendants-Appellees

¶ 1    Plaintiffs, Western Development, Inc.; Keith A. Novick, as Trustee of the Novick Family Irrevocable Trust dated 10/9/2009; and Keith A. Novick in his individual capacity (collectively, Novick), appeal the trial court's order awarding attorney fees and costs (fees award) to defendant, Lionshead Inn, LLC (Lionshead).  We reverse the fees award and remand to the trial court for further proceedings.

## I.    Background

¶ 2    This is the second appeal in a case that arose from a failed real estate development venture among Novick; Lionshead; and Sabalos, LLC (Sabalos).

¶ 3    The real estate venture was controlled primarily by two agreements: the "operating agreement" and the "purchase agreement."  The purchase agreement establishes a mechanism for parties to become members of two real estate development companies, Sierra Trail Investments, LLC (Sierra Trail), and Mountain View Residential Properties, LLC (Mountain View).  The operating agreement regulates the parties' rights and obligations upon becoming members of Sierra Trail.  The purchase agreement contains no fee-shifting provision in the event of litigation.

However, the operating agreement entitles a member to recover attorney fees if they "obtain[] a judgment against any other [m]ember in connection with a dispute arising under or in connection with this [a]greement," provided that the prevailing member participates in mediation before initiating a court action (fee-shifting provision).

¶ 4     As relevant here, Novick brought the following claims against Lionshead: (1) a breach of contract claim relating to the buy-sell provisions of the purchase agreement; (2) a request for declaratory judgment that Lionshead failed to make required capital contributions under the purchase agreement; (3) fraud; and (4) conspiracy to defraud.[1]  In its counterclaims, Lionshead sought (1) a declaratory judgment that Novick lacked authority to appoint himself as the manager of Sierra Trail; (2) a decree of judicial dissolution of Sierra Trail and Mountain View; and (3) a declaratory judgment that Novick lacked authority to dilute Lionshead's membership interests.

---

[1] Novick also brought claims against Sabalos.  Those claims aren't at issue in this appeal.

2

¶ 5    After a three-day bench trial, the court ruled that (1) Lionshead had violated the capital contribution provisions of the purchase agreement; (2) Lionshead didn't breach the buy-sell provision of the purchase agreement by refusing to acquire Novick's 15% membership interests; (3) Novick's appointment as the manager of Sierra Trail was "ineffective and void *ab initio*"; (4) Novick failed to prove his fraud claim against Lionshead, and because of this, the conspiracy to defraud claim failed as a matter of law; and (5) Novick lacked authority to dilute Lionshead's membership interests.  Regarding the dissolution claim, the court noted that it was inclined to order judicial dissolution of Sierra Trail and Mountain View and appoint a receiver but that it would stay its final order on that claim so the parties could work toward a sale. The parties ultimately agreed to the appointment of a receiver a year later.

¶ 6    After trial, Lionshead filed a motion to alter or amend the judgment pursuant to C.R.C.P. 59, requesting, among other things, that the court award Lionshead its reasonably incurred attorney fees under the operating agreement's fee-shifting provision.  The court denied this request, finding that Lionshead "failed to present

3

any evidence at trial that their counterclaims were submitted to mediation," as the agreement required.

¶ 7    Lionshead appealed the court's judgment awarding Novick damages for failing to make required capital contributions and denying its request for an award of attorney fees.  Novick cross-appealed and challenged the trial court's rulings dismissing his breach of contract claim regarding the buy-sell provision in the purchase agreement and declaring his appointment as a manager of Sierra Trail ineffective under the operating agreement.

¶ 8    A division of this court affirmed the trial court's merits rulings but reversed the order declining to award attorney fees.  *See W. Dev., Inc. v. Sabalos, LLC*, (Colo. App. Nos. 22CA1433 & 22CA1891, Dec. 7, 2023) (not published pursuant to C.A.R. 35(e)) (*Western Development I*).  The division concluded that Lionshead wasn't required to mediate before asserting compulsory counterclaims in a lawsuit that had already been filed by Novick.  *Id.*, slip op. at ¶ 90.  The case was remanded for the trial court to determine and award Lionshead its reasonable attorney fees incurred at trial and on appeal.  *Id.* at ¶¶ 90-91.

¶ 9    On remand, Lionshead submitted an attorney fees affidavit for $176,423.65 in fees and $10,944.46 in costs.  After a hearing, and over Novick's objections, the trial court concluded that Lionshead was entitled to all its requested fees.

¶ 10    Novick now makes several arguments on appeal.  He first argues that the trial court erred by awarding Lionshead all its requested fees because some work pertained to (1) claims on which Lionshead did not prevail or (2) claims that arose under the purchase agreement — which did not contain a fee-shifting provision.  Second, he argues that the trial court failed to address the mediation precondition to fees recovery.  Third, he contends that Lionshead isn't entitled to fees because it secured no "money judgment" on claims arising under the operating agreement.  Fourth, he argues that the trial court erred by failing to exclude unrelated billing entries for unsuccessful postjudgment efforts, receivership administration, and "general business representation tasks."  Fifth, he contends that Lionshead's vague and block-billed time records preclude meaningful judicial review.  Lastly, Novick argues that the court erred by refusing to consider and award

postjudgment interest at a 15% rate. We address each argument in turn.

## II. Standard of Review and Applicable Law

¶ 11 We review a trial court's award of attorney fees for an abuse of discretion. *Tisch v. Tisch*, 2019 COA 41, ¶ 83. A trial court "abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair, and we will not overturn a trial court's determination of a reasonable attorney fee award unless it is patently erroneous and unsupported by the evidence." *Id.* But if the trial court "fails to provide findings sufficient to afford review of the reasons for the award, an appellate court must reverse the award and remand for further proceedings." *Bob Blake Builders, Inc. v. Gramling*, 18 P.3d 859, 866 (Colo. App. 2001). We review de novo whether a trial court correctly applied the law to the facts of the case. *CB Richard Ellis, Inc. v. CLGP, LLC*, 251 P.3d 523, 530 (Colo. App. 2010).

¶ 12 Courts generally follow the "American Rule," which provides that each party is responsible for its own attorney fees. *Mulberry Frontage Metro. Dist. v. Sunstate Equip. Co.*, 2023 COA 66, ¶ 27. However, a private contract may provide that fees can be awarded to the prevailing party in a lawsuit. *See W. Stone & Metal Corp. v.*

6

*DIG HP1, LLC*, 2020 COA 58, ¶ 7; *Wheeler v. T.L. Roofing, Inc.*, 74 P.3d 499, 503 (Colo. App. 2003).

¶ 13    When a lawsuit contains multiple claims for relief, a party that has won some claims but lost others can recover all of its attorney fees if the claims involve a "common core of facts" or are "based on related legal theories" such that counsel's efforts on an individual claim cannot be distinguished from work on the whole of the litigation. *Whiting-Turner Contracting Co. v. Guarantee Co. of N. Am. USA*, 2019 COA 44, ¶ 58 (citation omitted). However, when a party presents distinctly different claims for relief based on different facts or legal theories, that party may only recover legal fees attributable to the claims on which the party prevailed. *Id.*; *see also State ex rel. Coffman v. Robert J. Hopp & Assocs., LLC*, 2018 COA 71, ¶ 20 ("Where a [party] brings multiple claims, but is only successful on some claims, we apply a method of claim segregation to determine to what extent an award of attorney fees can be awarded . . . .").

¶ 14    An award of attorney fees must be reasonable, and the trial court must make sufficient findings to permit meaningful appellate review. *Yaekle v. Andrews*, 169 P.3d 196, 201 (Colo. App. 2007) *aff'd on other grounds*, 195 P.3d 1101 (Colo. 2008); *cf. In re*

*Marriage of Young*, 2021 COA 96, ¶ 40 (when a trial court's findings are insufficient to inform the appellate court of the basis for the order, the appellate court will remand for further consideration).

### III. Fees Award Analysis

### A. Effect of *Western Development I*

¶ 15    As an initial matter, we address Lionshead's argument that *Western Development I* precludes the trial court (or this division) from narrowing the scope of attorney fees it can collect. Lionshead argues that, because the prior division remanded for consideration of the reasonableness of the requested fees, *Western Development I* decided and rejected Novick's arguments that Lionshead isn't entitled to fees for work done related to (1) claims on which it didn't prevail and (2) claims arising out of the purchase agreement rather than the operating agreement. We reject this contention.

¶ 16    In its initial Rule 59 motion asking the trial court to award fees, Lionshead didn't file an affidavit of fees or any supporting billing documentation. Because Lionshead's motion failed to identify the specific fees it was requesting, Novick didn't oppose (and didn't have the opportunity to oppose) the fees' scope until remand. Furthermore, the trial court denied that Rule 59 motion

based solely on the mediation precondition. And — apart from the mediation precondition — *Western Development I* didn't address the scope of the attorney fees request because neither party briefed these arguments.

¶ 17    Conversely, *Western Development I* squarely addressed and rejected Novick's argument that the trial court erred by awarding attorney fees because of the operating agreement's mediation precondition to fees recovery. The division held that because "Lionshead wasn't the party that filed the action, it wasn't required to pursue mediation before asserting its counterclaims." *Western Development I,* slip op. at ¶ 89. Thus, the trial court didn't err by declining to consider Novick's mediation argument when he raised it again during the remand proceedings.

¶ 18    In sum, notwithstanding the broad language of the *Western Development I* mandate, the sole issue it decided with respect to attorney fees was that Lionshead's fees request wasn't precluded by the mediation precondition. *See Kuhn v. State, Dep't of Revenue*, 897 P.2d 792, 795-96 (Colo. 1995) (holding that prior appellate decision did not bar consideration of issue that "was not decided" in that opinion); *Owners Ins. Co. v. Dakota Station II Condo. Ass'n,*

2021 COA 114, ¶ 24 (explaining that mandate rule requires trial court on remand to follow appellate court's conclusions "on issues presented to it" (citation omitted)).

## B. Scope of Attorney Fees

¶ 19 Novick next argues that the trial court erred by awarding Lionshead all of its requested fees because (1) Lionshead didn't prevail on all claims; (2) some claims arose out of the purchase agreement rather than the operating agreement; and (3) Lionshead failed to differentiate billing entries for unsuccessful or purchase-agreement-based claims from entries for the operating-agreement-based claims on which it prevailed.

¶ 20 In its order, the trial court ruled, "[Novick's] arguments concerning work unrelated to the claims won are unavailing," as "the [c]ourt cannot expect a party to itemize every minute spent on a precise topic." The court, however, didn't directly address Novick's arguments about the purchase agreement versus the operating agreement.

¶ 21 To the extent the trial court didn't attempt to analyze whether the claims arose out of a common core of operative facts or related legal theories, it erred. Unless the claims are related to each other

in one of those two ways, Lionshead isn't entitled to fees expended on unsuccessful claims or on claims that didn't arise "under or in connection with" the operating agreement.

¶ 22    To the extent the trial court determined that the claims shared a common core of operative facts or were based on related legal theories, its order doesn't contain sufficient analysis to facilitate appellate review of such a finding.

¶ 23    The fact finder is in the best position to make a common core determination because "whether claims are interrelated or segregable is inherently sensitive to the facts of . . . the underlying dispute." *Rocky Mountain Festivals, Inc. v. Parsons Corp.*, 242 P.3d 1067, 1074 (Colo. 2010); *see also McKenna v. City of Philadelphia*, 582 F.3d 447, 458 (3d Cir. 2009) ("Establishing relatedness on a claim-by-claim basis in the attorneys' fees context is a fact-intensive determination that rightfully belongs within the [trial court's] discretion . . . ."). If the trial court determined there was a common core of facts or that the claims were based on related legal theories, we can't tell why it made that determination from the order. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (A trial court has "superior understanding of the litigation" and must "provide a

11

concise but clear explanation of its reasons for the fee award" when exercising its discretion to determine the amount.). And we can't make this discretionary determination for the first time on appeal. Therefore, we must reverse.

¶ 24    On remand, the trial court must consider whether Novick's and Lionshead's claims arose out of a common core of facts or related legal theories such that counsel's efforts on one claim cannot be distinguished from efforts on the whole of the litigation. If it so finds, the court must sufficiently explain the grounds for such findings for a reviewing court to understand (and potentially review) the basis of its decision. If, on the other hand, the trial court finds that the claims are sufficiently distinct, the court must explain the basis of its findings and should award fees only for those claims that arose under the operating agreement and on which Lionshead prevailed.

## C.    Other Arguments

¶ 25    Novick contends that because Lionshead obtained "no money judgment" on any dispute arising under the operating agreement, Lionshead isn't entitled to fees. The operating agreement provides, "If the [c]ompany or any [m]ember *obtains a judgment* against any

12

other [m]ember in connection with a dispute arising under or in connection with this [a]greement . . . such party shall be entitled to recover its court . . . costs, and reasonable attorneys' fees." (Emphasis added.) In other words, Novick apparently asks this court to interpret "judgment" as used in the operating agreement to mean "money judgment." But because this issue is unpreserved and undeveloped, we decline to address it further. *See Salazar v. Pub. Tr. Inst.*, 2022 COA 109M, ¶¶ 34-35 (if an argument is undeveloped or raised for the first time on appeal, it is unpreserved for appellate review).

¶ 26 Novick next argues that the court erred by failing to exclude bills related to postjudgment work, business representation tasks, and receivership tasks. He also contends that the court didn't account for the vague descriptions and block billing in Lionshead's fees request.

¶ 27 Because we have already reversed the fees award on other grounds and because the remand proceedings may change the amount of fees awarded, we need not (and should not) address these arguments in this opinion. But regardless of how the trial court resolves the "common core" or "related legal theories"

questions, the order on remand should also address Novick's arguments about (1) Lionshead's entitlement to fees for receivership tasks, business representation tasks, and postjudgment work; and (2) block-billed or inadequately described entries.  The order should also explain the court's reasoning with sufficient detail to facilitate appellate review.

## IV.  Postjudgment Interest Rate

¶ 28     Lastly, Novick asserts that the trial court erred by not awarding postjudgment interest at 15% instead of the statutory rate of 8%.  We dismiss this portion of the appeal for lack of a final appealable order.

¶ 29     After the *Western Development I* division issued its opinion but before the issuance of the mandate, Novick filed a "Motion to Release [Lionshead's] Appeal Bond, or in the Alternative, to Increase the Amount of the Bond," requesting, in part, that interest on the underlying judgment accrue at the rate of 15% per annum.  The trial court denied the request to increase the amount of the bond "because the interest rate proposed by Novick differs from the rate that was originally asserted and adopted by the trial court."  To the extent the trial court denied Novick's request to increase the

14

interest rate on its merits, that portion of the order is void because the case had not yet been remanded, and the trial court therefore had no jurisdiction to consider whether to amend the interest rate. *See Anstine v. Churchman*, 74 P.3d 451, 452 (Colo. App. 2003) ("Generally, once an appeal is taken, a trial court is divested of jurisdiction to determine substantive matters that directly affect the judgment being appealed unless the appellate court has issued a remand order."), *overruled on other grounds by, Musick v. Woznicki*, 136 P.3d 244 (Colo. 2006).

¶ 30 After the trial court entered the fees order, Novick filed a "Motion for Stay of Execution Pending Appeal," in which he again asked the court to order a 15% postjudgment interest rate on the underlying judgment. The trial court ruled, "To the extent the parties dispute the interest rate on Novick's judgment, that issue is not properly before the [c]ourt and the [c]ourt declines to address it." In other words, the trial court didn't rule on Novick's second request on the merits; rather, we construe the order as a denial of the request without prejudice. Accordingly, the denial isn't a final appealable judgment. *See SMLL, L.L.C. v. Daly*, 128 P.3d 266, 268-69 (Colo. App. 2025); *Hall v. Am. Standard Ins. Co. of Wis.*,

2012 COA 201, ¶ 6 (an appellate court has jurisdiction over an appeal from a trial court ruling only after the trial court has entered a final judgment), *overruled on other grounds by*, *L.H.M. Corp., TCD v. Martinez*, 2021 CO 78. We therefore dismiss this part of the appeal, without prejudice, for lack of a final appealable order. *See* § 13-4-102(1), C.R.S. 2025.

## V.  Lionshead's Request for Appellate Fees

¶ 31  Lionshead requests an award of appellate attorney fees incurred in this appeal under the operating agreement's fee-shifting provision. Because we reverse the fees order, Lionshead's request is premature. On remand, the trial court should address Lionshead's request for an award of its appellate attorney fees under the operating agreement.

## VI.  Disposition

¶ 32  The portion of the appeal regarding the postjudgment interest rate is dismissed. The fees order awarding attorney fees to Lionshead is reversed, and the case is remanded for further proceedings consistent with this opinion.

JUDGE WELLING and JUDGE SCHOCK concur.